On Application for Rehearing.
MONROE, C. J.
[3] Defendant’s counsel contend that evidence of contributory negligence, on the part of the decedent, though not pleaded, and inadmissible to defeat recovery, should have been admitted for the mitigation of the damages claimed by the plaintiff; and, upon reconsideration, we are inclined to the opinion that it should have been admitted, if offered for that purpose; but it was not so offered. The record shows the following, upon the cross-examination, by defendant’s counsel, of the fireman of the passenger train, to wit:
“Q. You did not have the train under control, then? (Counsel for plaintiff objects to any evidence as to contributory negligence as same is not alleged. Objection sustained by the court. To which ruling of the court, counsel for defendant excepts and asks that this note stand in lieu of formal bill of exceptions. Counsel for plaintiff asks that this objection and ruling and bill of exception be made general, to apply to all such evidence; and it is so ordered.) ”
The evidence was therefore offered in support of the defense set up in the pleading, and, so far as the record shows, with no restriction as to its intended effect, and, as so offered, was properly excluded.
[4] It is said, in the brief filed in support of the application for rehearing, that “the court, after holding that evidence was admissible to show that the widow was engaged to be married,” makes the statement that:
“It is not probable that an answer to the question would have affected the verdict. We *189 assume that the jury considered the widow’s prospect of marrying again.”
And it is argued that:
The “court is without right to enter the domain of assumption, and assume that the jury considered any fact favorable to the defendant, when it gave an exorbitant judgment in favor of the plaintiff.”
Our reconsideration of the matter has led to the conclusion that evidence as to the engagement of the plaintiff to be again married was irrelevant, for non constat that the engagement would result in marriage (and plaintiff’s counsel, in their reply brief, say that it has not yet done so); and, if it should so result, non constat that the condition of the plaintiff will thereby be bettered.
The learned counsel complain of the amount of the award, and compare it with that awarded in the “Elehorn Cases,” in which a widow and children were given $17,-000; but those eases were decided several years ago, and since then the purchasing power of money has decreased and the cost of living has increased in a ratio which more than accounts for the difference of $500 between those judgments and the judgment here rendered, even though, as suggested, the present judgment, being governed by the federal statute, allows nothing for any suffering of the deceased or for the mental anguish of the plaintiffs, and though it includes nothing in the way of punitory damages.
Upon the whole, we are satisfied that no injustice has been done, and the rehearing is accordingly
Refused.
O’NIELL, J., is yet of the opinion that evidence of contributory negligence is not admissible without a plea to that effect, and that the objection to evidence that the widow was engaged went to the effect of the evidence.